UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANDREW FRANCO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:18-cv-00508-DBH |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

In this action, Petitioner Andrew Franco seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) The State contends the petition was not filed timely in accordance with 28 U.S.C. § 2244(d), and thus asks the Court to dismiss the petition. (Response, ECF No. 7.)

After a review of the petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request and dismiss the petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In April 2015, Petitioner was indicted on two counts of robbery with a dangerous weapon, 17-A M.R.S. § 651(1)(E), and one count of criminal threatening with a dangerous weapon, 17-A M.R.S. § 209(1). (*State v. Franco*, No. AUBSC-CR-2015-00106 (Me Super. Ct., Androscoggin Cty.); State Court Record ("Record"), ECF No. 7-1 at 2, 5 – 8.)

On September 14, 2015, Petitioner pled guilty to the three charges. (Record at 5 – 6.) On the same day, the state trial court sentenced Petitioner on the robbery counts to fifteen-year terms of imprisonment, with all but six years suspended, followed by four years of probation and $343 of restitution, and sentenced Petitioner on the criminal threatening count to a one-year concurrent term of imprisonment. (*Id.* at 5 – 8). Petitioner did not appeal from the sentence.

On June 30, 2016, Petitioner filed a state petition for post-conviction review. (*Franco v. Maine*, ANDCD-CR-2016-02209 (Me Super. Ct., Androscoggin Cty.); Record at 10.) After an evidentiary hearing on October 13, 2017, the state post-conviction court denied the petition on November 6, 2017. (Record at 11 – 12.)

On November 13, 2017, Petitioner filed a notice of discretionary appeal to the Maine Law Court from the order denying the petition. (*Franco v. Maine*, No. And-17-499 (Me. Law Ct.); Record at 12, 15.) On March 14, 2018, the Maine Law Court denied Petitioner's request for a certificate of probable cause to proceed with the appeal. (Record at 15.)

## DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Title 28 U.S.C. § 2244(d), which governs the time within which a petitioner must assert a claim under section 2254, provides:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from such filing by such State action;
>
>**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Petitioner has not established a government impediment to filing, *id.* § 2244(d)(1)(B), a newly recognized retroactively applicable right, *id.* § 2244(d)(1)(C), or a new factual predicate, *id.* § 2244(d)(1)(D)[1], Petitioner's one-year limitation period for

---

[1] In addition to the ineffective assistance of counsel claims that Petitioner argued before the state postconviction court, Petitioner also presents claims concerning the use of a multiracial lineup, potential DNA evidence, and alleged police tampering with an evidence log. Petitioner explains that the arguments were "overlooked" until he scrutinized all of his materials in September 2018. (Petition at 5.) The limitations period, however, is not tolled until a petitioner is subjectively aware of the evidence that might be relevant to a request for relief; it begins to run when the petitioner could have discovered the evidence through the exercise of due diligence. *See Wood v. Spencer*, 487 F.3d 1, 5 (1st Cir. 2007) (citing *Daniels v. Uchtman*, 421 F.3d 490, 492 (7th Cir. 2005)). Petitioner has not established a factual basis for a different start date for the limitations period.

Furthermore, even if the DNA, multiracial lineup, and evidence tampering claims were subject to different statute of limitations start dates pursuant to § 2244(d)(1)(D), the dates would apply only to those claims; Petitioner's ineffective assistance of counsel claims would still be analyzed under the § 2244(d)(1)(A) start

filing the section 2254 petition started when the judgment became final. *See id.* § 2244(d)(1)(A). A conviction is final when the "availability of direct appeal to the state courts and to [the United States Supreme Court] has been exhausted." *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009) (citations and quotation marks omitted). After the judgment on September 14, 2015, Petitioner had twenty-one days to file a notice of appeal to the Maine Law Court. *See* M.R. App. P. 2B(b)(1)(b). That period expired on October 6, 2017, making Petitioner's judgment final on October 7, 2015.

The limitations period is tolled while a post-conviction review or other collateral review is pending. 28 U.S.C. § 2244(d)(2). "[A]n application for state post-conviction relief is pending from the time it is first filed until the time it is finally disposed of and further appellate review is unavailable under the particular state's procedures." *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010) (alterations and quotation marks omitted). The time during which an application is pending includes "the interval between a lower court's entry of judgment and the filing of an appeal with a higher state court." *Id.* at 20. The limitation period "restarts when [the] state court completes postconviction review." *Holland v. Florida*, 560 U.S. 631, 638 (2010).

The 365-day limitation period under 28 U.S.C. § 2244(d)(1)(A) thus started on October 7, 2015, and it ran for 266 days before, pursuant to section 2244(d)(2), it was tolled

---

date. *See Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014) (AEDPA limitations periods are "applied on a claim-by-claim basis"). Finally, even if Petitioner had established different start dates for the DNA, multiracial lineup, and evidence tampering claims, those claims are barred for failing to exhaust state remedies. *See Rhines v. Weber*, 544 U.S. 269, 273 – 78 (2005) (explaining that petitioners must exhaust each and every claim in order to receive relief but instructing district courts to allow deletion of unexhausted claims and allowing district courts to stay a federal habeas case while a petitioner exhausts remaining state remedies); *DeLong v. Dickhaut*, 715 F.3d 382, 386 – 87 (1st Cir. 2013).

on June 30, 2016, when Petitioner filed his state court post-conviction petition. The limitation period remained tolled through March 15, 2016, when the Law Court issued its order denying a certificate of probable cause. The limitation period started to run again on March 16, 2018 and expired 99 days later, on June 22, 2018, unless the period were tolled for equitable reasons. Petitioner placed his petition in the prison mailing system on September 25, 2018.

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland*, 560 U.S. at 645 (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019).

Petitioner has not established a basis for equitable tolling. Petitioner maintains that he lacked access to legal research databases during the first two months of his sentence. Some courts have recognized that the lack of knowledge of the AEDPA's statute of limitations, together with a lack of access to a copy of the AEDPA can constitute extraordinary circumstances for purposes of equitable tolling or a government impediment to filing for purposes of statutory tolling. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1147–48 (9th Cir. 2000) (en banc) (per curiam); *Egerton v. Cockrell*, 334 F.3d 433, 439 (5th Cir.

5

2003). Petitioner, however, does not allege that he was denied access to all copies of AEDPA or to all legal materials; he only alleges that he did not have access to Lexis Nexis. A temporary lack of access to an electronic legal database would not ordinarily support a finding of equitable tolling particularly if the inmate had access to other satisfactory sources capable of informing a diligent petitioner of AEDPA's limitations period. The record does not support a finding that Petitioner lacked access to all relevant materials. More importantly, even if the limitations period were tolled during the two months in question, the petition was nevertheless filed untimely because Petitioner filed it just over three months after the end of the limitations period.[2]

Because Petitioner placed his petition in the prison mailing system after the expiration of the limitations period, Petitioner did not timely file the petition. Accordingly, dismissal of the petition is warranted.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[2] Petitioner has also failed to establish an "actual innocence" claim, which can serve as an exception to the statute of limitations in rare cases. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 7th day of August, 2019.